**In re Delfin Alivis RIEGODEDIOS, Dolores Raab Riegodedios, Debtors.**

**Bankruptcy No. 92–20170–B.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Oct. 30, 1992.

---

Michael Goode, Norfolk, Va., for debtors.

Ruth A. Gibson, Norge, Va., for Hampton VA Federal Credit Union.

### ORDER OVERRULING OBJECTIONS TO SECOND MODIFIED CHAPTER 13 PLAN

HAL J. BONNEY, Jr., Bankruptcy Judge.

The debtors, Delfin Alivis Riegodedios and Dolores Raab Riegodedios, filed a modified plan on July 1, 1992, in their Chapter 13 case. Hampton VA Federal Credit Union filed an objection to confirmation of the modified plan pursuant to 11 U.S.C. § 1325(b)(1) and (2), upon the grounds that the debtors do not propose to pay all of their disposable income into the plan. More specifically, Hampton VA Federal Credit Union objects that certain of the debtors' monthly expenses are excessive or unnecessary for the day-to-day living of the debtors and their family including a monthly payment of $80.00 for telephone, $400.00 for food, $60.00 for recreation, etc. and a payment of $614.00 per month for tuition and rent expenses to pay for their daughter's college education. Since Hampton VA Federal Credit Union only presented evidence and argued that the tuition and rent expenses were excessive and unnecessary, the Court limits its ruling to the objection to the tuition and rent expenses.

Section 1325(b)(1) and (2) provide that the court may not approve a Chapter 13 plan where the trustee or an allowed unsecured creditor objects to the confirmation of the plan unless all the debtor's disposable income will be applied towards the plan, i.e., all that income not *reasonably necessary* for the maintenance or support of the debtor and the debtor's dependents. 11 U.S.C. § 1325(b)(1) and (2); *In re Jones,* 55 B.R. 462, 465 (Bankr.D.Minn.1985). The "reasonably necessary" standard as enunciated in *In re Jones,* 55 B.R. at 466, "requires that the Court take into account other income and exempt property of the debtor, present and anticipated ... and that the appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs not related to (the debtor's) former status in society or the life style to which he is accustomed.... (Parentheses added)." *Citing In re Taff,* 10 B.R. 101, 107 (Bankr.D.Conn.1981). In applying the "reasonably necessary" standard, the *Jones* Court found that "[a]n expensive private school education is not a basic need of the Debtor's dependents, particularly in view of the high quality public education available in this country at both the collegiate and secondary school levels." *In re Jones,* 55 B.R. at 467; *see In re Navarro,* 83 B.R. 348 (Bankr.E.D.Pa.1988) ("some expenditure on religious education may be consistent with expenditures reasonably necessary for maintenance and support of chapter 13 debtors"); *Commercial Credit Corporation v. Killough,* 900 F.2d 61 (5th Cir.1990) (Chapter 13 plan including a $100 a month expense for continuing education is confirmable over creditor's objection).

 Accordingly, the Court overrules Hampton VA Federal Credit Union's objection on two grounds:

(1) The debtors' intent in filing a Chapter 13 Plan was to at least partially repay creditors who would receive no distribution under a straight Chapter 7 bankruptcy. Debtors' modified plan provides for a dividend of at least 41% to be paid to unsecured creditors. They would receive nothing in a Chapter 7 case. This is significant.

(2) A $614.00 payment for their daughter's college tuition and rent is reasonably necessary. The Court takes notice that this is not a new expense of the debtors as their daughter is a senior in her last year of college. The debtors are not expending unreasonable amounts of money in sending their daughter to an expensive private school, but rather are financing their daughter's education at a state institution of higher learning, Virginia Polytechnical Institute at Blacksburg, the Land Grant College of Virginia.

The Congress seeks to encourage repayment to creditors and, therefore, encourages Chapter 13 cases. Many repay a very low percentage of debts, even 1%. These debtors have come upon hard times, but would repay their creditors 41% of the unsecured debts, all of the secured ones. This creditor wants the $614 per month now dedicated to the daughter's college education to go into the till. A pound of flesh.

 We have seen a few creditors come in and object to the amount in a debtor's budget for reading material, even the daily paper. While a whole stream of periodicals is one thing, a reasonable amount is necessary for an informed public. The same is true for a reasonable amount for family recreation; not Broadway shows, but something to benefit the family. Do we need a psychologist or a sociologist to demonstrate that this helps build good family life?

Here daughter requires $614 a month for tuition *and* rent. Is a college education beneficial? Will the young lady become a more productive, useful citizen? Is this a part of the "fresh start" envisioned? I think so. Consider, too, the alternatives at this late stage—the senior year.

We understand this alert creditor wants its money. Losses have a direct effect on credit unions. We might wish people did not become ill—but they do. We might wish people obeyed the law—but all do not. We might wish that all people paid their bills—but they don't, or can't. That's the national problem event giants like Benjamin Franklin, James Madison, and George Washington encountered at the Constitutional Convention. They knew that the problem of people with financial difficulties had to be accommodated in the Constitution. And it was. Art. I, Sec. 8, Par. 4. It's a bitter pill for some, but do we forget without it what social, criminal, domestic, and economic problems would prevail and thereby cost the public—and creditors—far more in the long haul? The Federalists realized this.

"All disposable income" does not mean debtor's prison in a modern sense.

IT IS ORDERED that the objections to confirmation of the debtors' Chapter 13 Plan filed by Hampton VA Federal Credit Union be, and they hereby are, overruled.

IT IS SO ORDERED.