William F. Davis, Davis & Harvey, Dallas, TX, for plaintiff.

Jon M. Waage, Merv Waage & Associates, Denton, TX, for defendants.

## UNIVEST–COPPELL VILLAGE, LTD.

v.

## John Pearce NELSON, et al.

### No. 4:96–CV–0232.

United States District Court, E.D. Texas, Sherman Division.

Dec. 19, 1996.

### MEMORANDUM OPINION

COBB, District Judge.

Bankruptcy Appeal. Debtors, John Pearce Nelson and Allison Leigh Nelson, filed a voluntary petition on November 7, 1995, under Chapter 13, in the United States Bankruptcy Court, Eastern District of Texas. A Second Amended Chapter 13 Plan was filed on April 22, 1996. According to the summary of schedules, the couple's assets are $251,640.00, and liabilities are $514,828.95. The monthly income of the debtors is $8,081.46. Living expenses are allowed in the amount of $5,436.46 per month, with $2,595.00 per month being set aside for the Trustee to pay on the debts of the debtor couple.

Among the amounts allowed as living expenses are $696.00 and $262.60 per month on two automobiles. The amount of $367.48 per month for a third automobile is to be paid by the debtors' daughter. After a full hearing, all matters have now been disposed of except the appeal by Univest–Coppell Village, Ltd., which objects to a $395 payment per month by the bankrupt couple for tuition to the Liberty Christian private school for their fifteen-year-old daughter.

Although school lasts only for nine months a year, the $395 month tuition is payable for twelve months a year (R. 20). If the fifteen-year-old daughter did not attend the private Liberty Christian School in Denton, she would likely attend a public school, Ryan High School, in Denton, where her older sister attended (R. 25). The daughter in

---

question is "adamant" about refusing to transfer from Liberty Christian School to Ryan High School in Denton (R. 38). Debtor Allison Nelson, a trained speech therapist with twenty years' practice, also testified as to the intransigence of her "very mature" fifteen-year-old daughter concerning transferring to a public school. In addition, it is extremely important to Mrs. Nelson that her daughter was only the first (high school) freshman to have "made the cheerleading squad." "She's on the cheerleading squad, and that's very important to her." (R. 47). Mrs. Nelson also stated that her high school freshman daughter is in honors courses at Liberty Christian School, which she is not certain are offered at the public school, and "psychologically" the private school is beneficial to her (R. 52).

The debtors' payment to the Trustee who is to make disbursements to the creditors is, as stated, $2595.00 a month for thirty-four months from a total income of $8,081.46 per month (R. 27). Additionally, a payment of $1440.00 was to be made for five months prior to the thirty-four months' payment of $2595.00. The bankruptcy court held a hearing on the confirmation of Debtors' Plan on May 22, 1996, and at such time confirmed Debtors' Plan. Appellant appeals from an order confirming the plan of John Pearce Nelson and Allison Leigh Nelson, entered on June 6, 1996, in which the bankruptcy court confirmed the Chapter 13 Plan and found that the monthly payment of $395.00 for private schooling of the debtors' daughter was a reasonably necessary living expense under § 1325(b) of the Code.

Upon appeal to the district court, findings of fact of the bankruptcy court:

shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. *See Richmond Leasing Co. v. Capital Bank N.A.*, 762 F.2d 1303, 1308 (5th Cir.1985). The burden of establishing that a determination is clearly erroneous is stringent; to so conclude, a reviewing court must have a 'firm and definite conviction that a mistake has been committed.' *Wilson v. Huffman (In re Missionary Baptist Foundation of America)*, 712 F.2d 206, 209 (5th Cir.1983) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, [395–96] 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). The rigorous standard applied to review of findings of fact does not, however, apply to the bankruptcy court's conclusions of law, which are subject to plenary review. *In re Missionary Baptist*, 712 F.2d at 209.

*In re Monnig's Dep't Stores, Inc.*, 929 F.2d 197, 200–01 (5th Cir.1991). Thus, this court must review the findings of fact by the bankruptcy court under the "clearly erroneous" standard. *See also In re Herby's Foods, Inc.*, 2 F.3d 128, 130–31 (5th Cir.1993).

Appellant Univest–Coppell Village, Ltd. appeals on the ground that the allowance for "necessary living expenses" includes private school tuition of approximately $4800 per year for the fifteen-year-old dependent daughter, and thus the plan does not include all of the disposable income as required by § 1325(b). Section 1325 of the Bankruptcy Code provides, in pertinent part:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

(2) For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor.

11 U.S.C. § 1325(b)(1)(B), (b)(2)(A) (1993). Applying the statute to case law, the court stated in *In re Turner*, 168 B.R. 882 (Bankr. W.D.Tex.1994):

Section 1325(b) authorizes the trustee to insist that the plan provide that all of the debtor's projected disposable income 'will be applied to make payments under the plan.'

*Id.* at 889, quoting 11 U.S.C. § 1325(b). Consequently, this court must decide if the bankruptcy court clearly erred in setting aside $395.00 per month from the couple's disposable income for the daughter's private school tuition.

The closest factual case brought to the court's attention is *In re Jones,* 55 B.R. 462 (Bankr.D.Minn.1985). In that case, the court was faced with an objection to a Chapter 13 Plan similar to the objection in the present case before this court:

> Creditor objects to Debtor's listed monthly expenditures of $500.00 for her eldest son's college tuition, and $500.00 for one of her younger children's secondary school tuition. He contends that these expenditures are not 'reasonably necessary' for the support or maintenance of the Debtor or a dependent of Debtor within the meaning of 11 U.S.C.A. 1325(b)(1) and (2).

*Id.* at 465. The court in *In re Jones* agreed with the reasoning of the creditor, and stated:

> Applying the 'reasonably necessary' standard to the Debtor's listed monthly expenditures, I find that the list includes several items that are not within the standard. The $500 per month for college tuition, and the $500 per month for secondary school tuition are both excessive. An expensive private school education is not a basic need of the Debtor's dependents, particularly in view of the high quality public education available in this country at both the collegiate and secondary school levels.

*Id.* at 467.

A second case brought to this court's attention is *In re Riegodedios,* 146 B.R. 691 (Bankr.E.D.Va.1992). In that case, the debtor sought the last year's college tuition for her daughter. The court overruled creditor's objection on two grounds:

> (1) The debtors' intent in filing a Chapter 13 Plan was to at least partially repay creditors who would receive no distribution under a straight Chapter 7 bankruptcy. Debtors' modified plan provides for a dividend of at least 41% to be paid to unsecured creditors. They would receive nothing in a Chapter 7 case. This is significant.

> (2) A $614.00 payment for their daughter's college tuition and rent is reasonably necessary. The Court takes notice that this is not a new expense of the debtors as their daughter is a senior in her last year of college. The debtors are not expending unreasonable amounts of money in sending their daughter to an expensive private school, but rather are financing their daughter's education at a state institution of higher learning, Virginia Polytechnical Institute at Blacksburg, the Land Grant College of Virginia.

*Id.* at 693.

Thus, the *Riegodedios* court felt differently than did the *Jones* court about whether tuition payments are "reasonably necessary" and whether they should be excluded from disposable income. The *Riegodedios* court was influenced by the debtors' good faith in repaying creditors at least 41% of the debts owed, as well as the fact that the tuition was for the last year of the daughter's college, and the court expected this last year of education to be beneficial to the daughter and her family, and would allow the daughter to be "a more productive, useful citizen." *Id.* The court reasoned that:

> Congress seeks to encourage repayment to creditors and, therefore, encourages Chapter 13 cases. Many repay a very low percentage of debts, even 1%. These debtors have come upon hard times, but would repay their creditors 41% of the unsecured debts, all of the secured ones. This creditor wants the $614 per month now dedicated to the daughter's college education to go into the till.

*Id.*

A third case dealing with tuition payments under a Bankruptcy Plan is *In re Gonzales,* 157 B.R. 604 (Bankr.E.D.Mich.1993). In that case, the court held that an employed Chapter 13 debtor's educational expenses, incurred in pursuit of an advanced degree, were discretionary expenses rather than "reasonably necessary" expenses. The court compared her educational expenditures for a master's program to expenses for recreational purposes. *Id.* at 609.

Applying the case law to the facts in the present case, this court is not persuaded the tuition expenses for a private high school are reasonably necessary. As stated in *Jones, supra,* a private school education is not a basic need. The debtor's daughter can attend Ryan High School, where her older sister attended. Furthermore, in his deposition, her father, Mr. Nelson, stated he did not have any particular problems with the education offered at the public school. (Depo. at p. 26).

Therefore, this court finds that a $395.00 monthly payment for the debtor's daughter's private schooling is not a "reasonably necessary" expenditure for the maintenance or support of the debtor or a dependent of the debtor as defined in the Bankruptcy Code. The finding of the Bankruptcy Court as to the allowance of tuition for the fifteen-year-old daughter to attend Liberty Christian School is clearly erroneous, and the allowance thereof by the Bankruptcy Court is REVERSED.