In re Amelia J. CARDILLO, d/b/a Cutting Edge and Tanning Loft, Debtor.

Bankruptcy No. 93–13524–MWV.

United States Bankruptcy Court, D. New Hampshire.

June 22, 1994.

Jay Johnson, Schreiber & Associates, Danvers, MA, for debtor.

Mark J. Sampson, Andover, MA, for Andover Bank.

Lawrence Sumski, Chapter 13 Trustee, Amherst, NH.

Geraldine Karonis, U.S. Trustee, Manchester, NH.

### MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The matter before the Court is the confirmation of debtor's chapter 13 plan and the objection of Andover Bank ("Andover"), a secured and unsecured creditor, to confirmation. For the reasons set out below, the Court denies confirmation of the debtor's chapter 13 plan.

On December 23, 1993, the debtor filed a petition under chapter 13 of the Bankruptcy Code. The events leading up to the filing concerning the debtor and Andover are set out in the Court's memorandum opinion dated June 3, 1994, which this Court incorporates herein by reference. In that opinion, the Court refused to dismiss the chapter 13 case as having been filed in bad faith.

On June 3, 1994, Andover filed its objection to the confirmation of the debtor's chapter 13 plan. Upon the objection of an unsecured creditor, the Court must find, when unsecured creditors are not being paid in full, that all of the debtor's disposable income

for the three year period beginning on the date the first payment is due under the plan is applied to payments under the plan. 11 U.S.C. § 1325(b)(1)(B). A non-debtor spouse's income and expenses are to be taken into consideration when determining whether all of the debtor's disposable income is being applied to the plan. *In re Belt*, 106 B.R. 553, 563 (Bankr.N.D.Ind.1989).

■ Section 1325(b)(2) of the Bankruptcy Code defines disposable income as follows:

For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; and

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

Although section 1325 does not define what expenses are not reasonably necessary for maintenance or support, section 523(a)(2)(C) may, by analogy, be of some help. This section states that " 'luxury goods or services' do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor." One court which interpreted the phrase "reasonably necessary" articulated the standard as one of "adequacy, supporting basic needs 'not related to [the debtor's] former status in society or the lifestyle to which he is accustomed.' " *In re Sutliff*, 79 B.R. 151, 157 (Bankr.N.D.N.Y.1987) (quoting *In re Jones*, 55 B.R. 462, 466–67 (Bankr.D.Minn.1985)). That court went on to say, "[d]ebtors should not be allowed to continue in the lifestyle that drove them to file bankruptcy and at the expense of their creditors." *Id.* at 157.

■ Based on these standards, this Court cannot find that all of the debtor's disposable income is applied to the plan in accordance with section 1325(b). First, it is this Court's opinion that the condominium the debtor owns located on Lake Winnipesaukee is not reasonably necessary for the support or

maintenance of the debtor or a dependent of the debtor.[1] The debtor's schedules reveal that the Lake Winnipesaukee condominium, valued at $70,000.00, is subject to an outstanding secured debt of $91,000.00. Under the debtor's plan, $900.00 per month is paid outside the plan to the mortgagee on the condominium. Thus, to the extent that this condominium is not self sufficient, the deficiency is being paid out of what would otherwise be disposable income available for the benefit of the debtor's other creditors. *See In re Lindsey*, 122 B.R. 157, 158 (Bankr. M.D.Fla.1991).

The debtor argues that because she is receiving $500.00 per month rental income, the increase in the dividend to the unsecured creditors will be minimal when the deficiency claim of the mortgagee is added to the unsecured creditors. Even if this were true, which the Court doubts, under section 1325(b) of the Bankruptcy Code this Court must find that *all* disposable income is being applied to the chapter 13 plan. Based on the evidence before the Court, this Court is unable to determine whether, in fact, there would be a deficiency claim. To allow the debtor to keep the condominium on Lake Winnipesaukee, which has a negative cash flow of at least $400.00 per month, and confirm the Plan, would be to approve a windfall to the debtor to the detriment of the debtor's creditors. *See id.* ("[C]ourt may not and should not permit the debtors to use a Chapter 13 plan to retain and increase their equity in investment property at the expense of their unsecured creditors."). This the court will not do.

The debtor's statement of expenses also show that the debtor rents a dwelling in Atkinson, New Hampshire, with rent of $1,200.00 per month. The debtor goes on to state that the current landlord for the Atkinson premises refuses to renew her lease and she may have to move to the Winnipesaukee condominium to live. She further argues that, if she has to do this, this would not negate the additional $1,200.00 rental payments on her expenses as she would need also to rent an additional living space in

---

1. The debtor's schedules are woefully lacking in detail as the condominium is described as "Winnipesaukee Land," with not even an address given so that it can be identified.

closer proximity to her business in Salem, New Hampshire. This Court does not believe, in the spirit of chapter 13, that two residences are reasonably necessary for the support and maintenance of the debtor.

Second, the debtor's schedules indicate that she is married and lists her spouse's address at her address in Atkinson, New Hampshire. The debtor has not indicated the spouse's income on her schedules, which is required if the spouses are not separated. Because a non-debtor spouse's income and expenses are to be taken into consideration when determining whether all of the debtor's disposable income is being applied to the plan, *In re Belt,* 106 B.R. at 563, and the non-debtor spouse's income and expenses have not been supplied as required, the Court cannot make this finding.

Section 1325(a)(3) of the Bankruptcy Code requires that, in order to confirm a plan, it must be proposed in good faith. Based on the debtor's failure to apply all of her disposable income to this Plan and failure to properly schedule her spouse's income and expenses, the Court finds that this Plan has not been proposed in good faith and its confirmation must be denied.

A separate order will issue.