**In re Nicholas A. KASUN, Ann Lindsey Kasun, Chapter 13 Debtors.**

**Bankruptcy No. 94–33799–T.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

March 29, 1995.

---

Nicholas A. Kasun and Ann Lindsey Kasun, Spotsylvania, VA, pro se debtors.

Robert E. Hyman, Chapter 13 Trustee, Richmond, VA.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held March 22, 1995, on the chapter 13 trustee's objection to confirmation of debtors' plan. The court sustained the objection and signed an order denying confirmation.

This opinion supplements the court's bench ruling.

### Facts

The debtors pro se filed a chapter 13 petition on October 31, 1994. According to the petition Mr. Kasun is a certified public accountant. In their asset schedules and schedules of secured debt, the debtors included a boat (1992 Beneteau First 285 sloop) and accessories having a value of $31,900.00 and subject to a secured debt of $31,924.00. The debtors scheduled unsecured debts in the total amount of $76,877.00.

The debtors' monthly budget reveals they are paying $172.00 per month for boat slip rental and $20.00 monthly for boat insurance.

The debtors filed a modified chapter 13 plan on January 23, 1995. It provides for debtors to pay their trustee $1,116.77 per month for 60 months. From these funds the trustee is to pay debtors' outstanding state and federal income taxes, mortgage delinquencies, and an estimated 34.9 percent of the claims of unsecured nonpriority creditors.

The debtors' plan also provides for them to make regular payments on several secured claims directly to the secured creditors. This includes debtors' direct payment of $420.31 per month to Chemical Bank, which holds the lien on their boat.

### Discussion and Conclusion

■ The chapter 13 trustee objects to confirmation of the debtors' plan on the following ground:

The plan is not filed in good faith in violation of § 1325(a)(3) of the Bankruptcy Code in that the debtors propose to retain a sailboat on which there is a lien the debtors are paying to a secured creditor in the amount of approximately $32,000.00 and with regard to which the debtors also incur a monthly expense for a boat slip of $172.00 and at the same time are only proposing to pay their unsecured creditors 34.9 percent of their claims.

The court previously denied confirmation of debtors' first chapter 13 plan on essentially these same grounds. The original plan was a 36 month plan under which the debtors proposed to pay their unsecured creditors approximately 8.65 percent.

Debtors argue that they have modified the plan to provide for payments over 60 months with unsecured creditors now being paid 34.9 percent. Debtors also point to the fact that no creditor has objected to the plan.

Debtors' arguments are without merit, and confirmation must be denied. The plan proposes to pay in excess of $600.00 per month toward debtors' retention of a luxury boat.[1]

■ As I have recently held, confirmation must be denied of a chapter 13 plan under which a debtor proposes to pay for nonessen-

---

1. Slip rental, $172.00; insurance, $20.00; secured loan payment, $420.31. No doubt debtors incur other expenses in connection with their ownership and use of the boat.

tial assets to the detriment of unsecured creditors. *See In re Webster,* 165 B.R. 173 (Bankr.E.D.Va.1994); *In re Webster,* No. 93–14869–AT, 1994 WL 841212 (Bankr.E.D.Va. Sept. 27, 1994) (unpublished). See also Judge Shelley's opinion in *In re Hedges,* 68 B.R. 18 (Bankr.E.D.Va.1986), which involved a plan proposal to pay for a boat.

Since the instant plan discriminates against debtors' unsecured creditors, it has been filed in bad faith, and confirmation must be denied under Code § 1325(a)(3).

Debtors argue that the plan was filed in good faith because creditors will receive a greater percentage under the 60 month plan with the boat expenses included than they would under a 36 month plan with the boat expenses excluded. However, debtors' argument ignores the fact that the plan fails to utilize all disposable income. Upon objection by the trustee or an unsecured creditor, § 1325(b)(1)(B) prohibits confirmation of a chapter 13 plan unless the debtor devotes all disposable income to the plan during the first 36 months. Disposable income for purposes of this subsection consists of:

> income which is received by the debtor and which is not reasonably necessary to be expended—
>
> (A) for the maintenance or support of the debtor or a dependent of the debtor; and
>
> (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C. § 1325(b)(2).

■ In this case, debtors propose to pay over $600.00 per month toward luxury property while at the same time paying only 34.9 percent of their unsecured debt. Payment for luxury property is not necessary for the maintenance or support of debtor. *In re Scott,* 142 B.R. 126, 133 (Bankr.E.D.Va.1992). Because debtors' plan provides for the payment of a nonessential luxury item, the plan violates § 1325(b)(1) and cannot be confirmed.

The Court has entered an order denying confirmation. If the debtors do not timely modify their plan to exclude the boat, the trustee should file a motion to dismiss or convert this case.