**In re Robert and Judith DICK, Debtors.**

**Bankruptcy No. 97–22062–WCH.**

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

June 25, 1998.

Thomas E. Pontes, Wynn & Wynn, Raynham, MA, for Debtors.

Richard Askenase, Boston, MA, Chapter 13 Trustee.

## DECISION REGARDING OBJECTION OF CHAPTER 13 TRUSTEE TO CLAIM OF EXEMPTION AND TO CONFIRMATION OF PLAN

WILLIAM C. HILLMAN, Bankruptcy Judge.

### I. *Introduction*

The Chapter 13 trustee (the "Trustee") objects to confirmation of the Debtors' Chapter 13 plan (the "Plan") on the grounds that not all of the Debtors' disposable income is being devoted to the Plan because a portion of that income is devoted to the maintenance of a vacation house and a portion to a church tithe. He further objects to the exemption which the Debtors claimed in their vacation house. His final argument is that the entry for attorneys fees in the Plan appears to be inconsistent with other filed pleadings. The Debtors counter that the vacation house is a "residence" entitled to an exemption and that the money devoted to the tithe is reasonably necessary for their maintenance or support. I held a hearing and took the matter under advisement.

### II. *Background*

The Debtors rent their primary residence in Westwood, Massachusetts. They own real property in Limerick, Maine which they use as a vacation house (the "Property"). The Debtors claimed an exemption in the Property under 11 U.S.C. § 522(d)(1). In Schedule J, the Debtors itemize a monthly charitable contribution of $140.00 and a mortgage payment on the Property of $742.00.[1] The Property does not generate income. The schedules indicate an excess of income over expenses of $336.00. The Plan provides for the payment of $1,035.00 to their attorney.

### III. *Analysis*

1. Whether All Projected Disposable Income Has Been Devoted To The Plan

    a. The Property

■ The Trustee argues that because the Property is not self-sufficient, maintaining the Property is not reasonably necessary for the support of the Debtors. Hence, the Trustee contends that the Debtors have failed to devote all of their disposable income to the Plan citing *In re Cardillo*, 170 B.R. 490 (Bankr.D.N.H.1994). As a result, he argues, I cannot confirm the Plan under 11 U.S.C. § 1325(b). The Debtors did not address this argument.

The debtor in *Cardillo* listed as expenses the rent on an apartment and a monthly mortgage payment of $900.00 on a vacation condominium. *Id.* at 491. The Debtor disclosed that the condominium generated $500.00 per month in rental income. *Id.*

Judge Vaughn concluded that 11 U.S.C. § 1325(b)(2)(A) permits a debtor to retain income which would support the debtor's basic needs without consideration of the debtor's former status or lifestyle. *Id.* He held that because the debtor did not live in the condominium, it was not reasonably necessary for her support and the income that she used to pay the mortgage payment could otherwise be devoted to her unsecured creditors. Specifically, Judge Vaughn ruled as follows:

> The Debtor argues that because she is receiving $500.00 per month rental income, the increase in the dividend to the unsecured creditors will be minimal when the deficiency claim of the mortgagee is added to the unsecured creditors. Even if this were true, which the Court doubts, under section 1325(b) of the Bankruptcy Code this Court must find that *all* disposable income is being applied to the chapter 13 plan. Based on the evidence before the Court, this Court is unable to determine whether, in fact, there would be a deficiency claim. To allow the debtor to keep the condominium on Lake Winnipesaukee, which has a negative cash flow of at least

---

1. The Debtors offer that the reason for the tithe is because Mrs. Dick works for the church and a

tithe, although not required, is expected of the employees.

$400.00 per month, and confirm the Plan, would be to approve a windfall to the debtor to the detriment of the debtor's creditors ... This the Court will not do. *Id. See also In re Webster,* 165 B.R. 173, 175 (Bankr.E.D.Va.1994) (holding zero percent plan with payments on investment property violated 11 U.S.C. § 1325(b)(1)(B), was discriminatory of creditors and not filed in good faith), *In re Rybicki,* 138 B.R. 225 (Bankr.S.D.Ill.1992)(holding payments on camper not reasonably necessary expense), *In re Lindsey,* 122 B.R. 157 (Bankr.M.D.Fla. 1991) ("Investments of this nature are therefore made with disposable income; disposable income is not what is left after they are made. Thus the court may not and should not permit the debtors to use a Chapter 13 plan to retain and increase their equity in investment property at the expense of their unsecured creditors.").

I agree with and adopt the holding of Judge Vaughn. I conclude that maintaining a non-income producing vacation house goes far beyond maintaining a debtor's basic needs. As a result, the mortgage payments on the Property are disposable income. Because that income is not being devoted to the Plan, I must deny confirmation under 11 U.S.C. § 1325.

### b. The Charitable Contribution

At the hearing, I asked the Debtors to distinguish the present case from my decisions in *In re Saunders,* 214 B.R. 524 (Bankr. D.Mass.1997) (holding tithing not reasonable and necessary) ("*Saunders I*") and *In re Saunders,* 215 B.R. 800 (Bankr.D.Mass.1997) (reconsidering and reconfirming *Saunders I* on additional grounds) ("*Saunders II*"). The Debtors attempt to distinguish this case from *Saunders I* and *II* by noting that their monthly payment to their unsecured creditors will exceed their monthly charitable contribution by $178.[2] The Debtors have failed, however, to read that part of Saunders I and II wherein I ruled that tithing cannot be considered a reasonable and necessary expense of a Chapter 13 debtor. 215 B.R. at 803 and 214 B.R. at 527. Having so ruled, I

sustain the Trustee's objection on this ground.

### 2. Attorneys Fees

The Trustee also "notes" that the amount the Debtors propose to pay their attorney in the plan is inconsistent with the Rule 2016 statement. The trustee is incorrect. Were he to engage in the addition described in the Rule 2016 statement, he would find that the amount disclosed in the 2016 statement equals that which the Debtors propose to pay in their plan.

### IV. *Conclusion*

Having concluded that the Plan cannot be confirmed, I need not reach the issue of the Debtors' exemption in the Property at this time. I will enter a separate order sustaining the Trustee's objection to confirmation. Further, I will order the Debtors to file an amended plan within two weeks failing which the Court will dismiss the case.

---

2. In *Saunders I* and *II,* the debtors proposed paying their unsecured creditors $185.00 less per

month than their tithe to their church.