**In re Stoney L. BROOKS, and Alysia J. Brooks, Debtors.**

**Bankruptcy No. 99–32115.**

United States Bankruptcy Court, S.D. Ohio, Western Division at Dayton.

Oct. 14, 1999.

Lester Thompson, Dayton, OH, for debtors.

John L. Day, Jr., Mark N. Dierks, Cincinnati, OH, for National City Bank.

## DECISION AND ORDER DENYING CONFIRMATION OF DEBTORS' PLAN

WILLIAM A. CLARK, Bankruptcy Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

This matter is before the court upon National City Bank's Objection to Confirmation [Doc. # 10–1], the Debtors' Trial Brief [Doc. # 15–1], and the Supplemental Memorandum in Support of National City Bank's Objection to Confirmation [Doc. # 16–1]. The following decision and order constitutes the court's findings in accordance with Federal Rule of Bankruptcy Procedure 7052(a).

## FINDINGS OF FACT

The creditor, National City Bank ("National City") asserts that the Debtors, Stoney L. and Alysia J. Brooks ("Debtors") propose to pay for a purely recreational vehicle through their Chapter 13 plan at the expense of unsecured creditors. For this reason, National City objects to confirmation on the basis that the Debtors' plan fails to meet the disposable income test in 11 U.S.C. § 1325(b) or is proposed in bad faith.

On April 22, 1999, the Debtors filed their Chapter 13 bankruptcy petition and proposed plan. [Doc. # 1–1.] Almost the total amount of their listed secured debt relates to a 1985 Mallard Motor Home ("motor home") purchased by the Debtors. [*Id.*, Schedule D.] The vehicle is used by the Debtors for purely recreational purposes. The motor home is valued by the Debtors at $8,000.00. [*Id.*, Schedule B.] However, the Debtors owe approximately $12,343.45 on the motor home to the creditor, National City.

In order to keep the motor home, the Debtors desire to pay the debt through their Chapter 13 plan. [*Id.*, Ch. 13 plan.] The Debtors propose to pay the $8,000.00 secured portion of National City's claim in full. [*Id.*] The balance of National City's claim, $4,343.25, is treated as a general unsecured claim. [*Id.*] Under this plan, general unsecured creditors are to receive twenty-five cents on the dollar in satisfaction of their claims. [*Id.*]

On June 3, 1999, National City objected to confirmation of the Debtors' proposed plan based on the Debtors' intent to pay for the motor home through the plan. [Doc. # 10–1.] National City maintains that the motor home is a luxury good which is not necessary for the Debtors' support and thus, the Debtors should not be permitted to keep and pay for it through the plan at the expense of unsecured creditors. *Id.* After an August 17, 1999 hearing and the submission of post-

hearing briefs by both parties, the court is prepared to render its decision.

### CONCLUSIONS OF LAW

When an unsecured creditor objects to confirmation of a Chapter 13 plan, the plan may not be confirmed unless unsecured creditors will receive 100% of the amount of their claims or, alternatively, the plan provides "that all the debtor's projected disposable income to be received in the three-year period ... will be applied to make payments under the plan." *See* 11 U.S.C. § 1325(b)(1)(A) and (b)(1)(B); *In re Gibson*, 142 B.R. 879, 880 (Bankr.E.D.Mo. 1992). As the Debtors do not propose to pay their unsecured creditors in full, they must meet the requirements of the disposable income test in § 1325(b)(1)(B) and (b)(2). For purposes of this test, disposable income is defined as:

> (2) ... income which is received by the debtor and which is not reasonably necessary to be expended—
>
> (A) for the maintenance or support of the debtor or a dependent of the debtor, including charitable contributions ...; and
>
> (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C. § 1325(b)(2).

■ Under the "disposable income test" provided in § 1325(b), a debtor must pay into the plan all of his income not "reasonably necessary" for the support of the debtor and his dependents. *Id.* Re-

quiring that a debtor's expenditures be reasonably necessary does not mean a debtor should be reduced to poverty in order to pay unsecured creditors. *In re Zaleski*, 216 B.R. 425, 431 (Bankr.D.N.D. 1997). Instead, a fundamental purpose of the disposable income test is to "prevent large expenditures by debtors for non-essential items which ultimately reduce the sum available to pay holders of unsecured claims." *In re Hedges*, 68 B.R. 18, 20 (Bankr.E.D.Va.1986). Thus, while a debtor is granted some discretionary recreational spending, courts "are loath to favor kindly expenditures which are for luxury goods or serve to perpetuate a luxury lifestyle." *Zaleski*, 216 B.R. at 431. Applying the disposable income test, courts have regarded expensive cars and purely recreational vehicles as luxury goods not reasonably necessary for support whether the debts for these goods are paid through the Chapter 13 plan or as post-petition expenditures.[1] *See e.g., In re Rybicki*, 138 B.R. 225, 229 (Bankr.S.D.Ill.1992) (camper); *Gibson*, 142 B.R. at 880–881 (Cadillac and Corvette); *Hedges*, 68 B.R. at 20 (Chapparell boat); *In re Kasun*, 186 B.R. 62, 63–64 (Bankr.E.D.Va.1995) (boat, boat slip rental and boat insurance); *In re Reyes*, 106 B.R. 155, 157–158 (Bankr.N.D.Ill.1989) (Chevy Blazer); *In re Rogers*, 65 B.R. 1018, 1020–1021 (Bankr.E.D.Mich.1986) (Corvette); *In re Webster*, 165 B.R. 173, 175–176 (Bankr.E.D.Va.1994) (investment property); *Zaleski*, 216 B.R. at 432 (Chevy Blazer and private college).

■ In this case, the Debtors do not dispute that the motor home is for purely

1. A minority of courts have concluded that 11 U.S.C. § 1325(b) does not impose a reasonable necessity test on obligations a debtor is attempting to repay through the plan. *See, In re Jones*, 119 B.R. 996, 1001 (Bankr.N.D.Ind. 1990); *In re Cordes*, 147 B.R. 498, 501 (Bankr.D.Minn.1992). These courts concluded that the requirements of § 1325(b) are met if a debtor applies all of his or her disposable income toward the Chapter 13 plan regardless of whether the debtor then uses the plan to pay for luxury goods. *Jones*, 119 B.R. at 1000–1001; *Cordes*, 147 B.R. at 501–502. However, such reasoning would allow a debt-

or who wishes to avoid the application of the disposable income test to simply purchase luxury goods and pay for them through plan. *See Gibson*, 142 B.R. at 882; *Hedges*, 68 B.R. at 21. As such, this court will follow the majority of bankruptcy courts in their conclusion that the disposable income test prevents significant payments for luxury goods whether paid for as post-petition expenses or as obligations through the plan. *See e.g., Gibson*, 142 B.R. at 881–882; *Hedges*, 68 B.R. at 21; *Kasun*, 186 B.R. at 64; *In re Lindsey*, 122 B.R. 157, 158 (Bankr.M.D.Fla.1991); *Webster*, 165 B.R. at 176.

recreational purposes. To satisfy the $8,000.00 secured portion of the motor home debt, the Debtors plan to pay $265.00 of their $588.00 monthly plan payment toward the vehicle. [Doc. # 15–1, p. 3.] If, instead, the vehicle were sold or surrendered, eliminating this secured debt, the $265.00 a month could be paid toward unsecured creditors' claims. With the additional $265.00 per month for 36 months, the Debtors do not dispute that they could pay a significantly greater percentage of the unsecured creditors' claims than the 25% presently proposed.

■ Although the court does not wish to eliminate all of the Debtors' recreational spending, debtors in Chapter 13 must undergo some belt-tightening. *Rybicki*, 138 B.R. at 229. As such, the court will deny the Debtors' proposed plan based on the significant plan disbursements to be paid toward a motor home the Debtors do not need.[2] The court notes that, as an alternative, the Debtors may consider extending their plan beyond thirty-six months to include payment of the secured portion of National City's debt without causing additional detriment to unsecured creditors. *See e.g., In re Walsh,* 224 B.R. 231, 237 (Bankr.M.D.Ga.1998). This alternative is not required by the court or the Bankruptcy Code, but is an option for the Debtors to consider if they desire to keep the motor home while in bankruptcy.

### CONCLUSION

For the above reasons, the objection of the creditor, National City Bank, is **sustained.** Confirmation of the Debtors' Chapter 13 plan is **denied.**

**It is so ordered.**

---

**2.** As the court finds the Debtors' plan fails the disposable income test under 11 U.S.C. § 1325(b), the court need not reach the issue of whether the plan was proposed in good faith under 11 U.S.C. § 1325(a)(3).