**In re John L. OGLE, III, Chapter 7 Debtor.**

**No. 01–32545–T.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Sept. 17, 2001.

---

William R. Deeley, II, Richmond, VA, for Debtor.

Robert E. Hyman, Richmond, VA, trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held September 6, 2001, on motion of the United States Trustee to dismiss debtor's chapter 7 bankruptcy case for substantial abuse pursuant to 11 U.S.C. § 707(b).

The trustee's motion is based on his assertion that debtor could pay a 39% dividend to unsecured creditors in a hypothetical chapter 13 case. For reasons stated in this opinion, the motion will be granted. However, debtor will be given the option to convert his case to a chapter 13.

### FACTS.

Debtor filed this chapter 7 case on April 24, 2001.

Schedule D of the petition lists Bank of America as holding a claim secured by a certificate of deposit and with a monthly payment of $557.35. The claim is based on a loan originally taken by debtor to purchase a boat. Debtor sold the boat prepetition and invested the proceeds in the certificate of deposit, which was substituted as security for the loan. The certificate has a redemption value of $10,762.37, the loan balance is $13,200.00, and there are twenty-two payments remaining.

Debtor also lists another secured bank loan. This loan has a balance of $29,000.00 and is secured by a 1999 Jeep Grand Cherokee with a scheduled market value of $21,150.00.

Schedule F of the petition lists unsecured debt in the total amount of $33,414.00, nearly all of which represents credit card balances or open accounts on consumer purchases.

Schedule J to the petition (debtor's current monthly living expenses) lists monthly food expense of $400.00.

### DISCUSSION AND CONCLUSIONS OF LAW.

The United States Trustee moves to dismiss this case for substantial abuse under Bankruptcy Code § 707(b), which provides as follows:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee ..., may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor....

11 U.S.C. § 707(b) (2001).

The trustee's motion is based primarily on his argument that debtor has the ability to fund a hypothetical chapter 13 plan that would pay a substantial dividend to unsecured creditors. This position is premised upon the availability in chapter 13 of debtor's monthly loan payment of $557.35 to Bank of America and a portion of what the trustee asserts to be debtor's excessive monthly food allowance claim of $400.00.

Debtor has not denied that his debts are primarily consumer debts.

■■ Although debtor's food expense is on the high side, I do not consider it for purposes of ruling on the dismissal motion. Thus, the key to the motion is debtor's monthly payment of $557.35 on the bank loan secured by a certificate of deposit. The trustee argued at hearing that by filing chapter 7, debtor is enabled to pay off the loan in twenty-two months and then retain the investment free of lien. At the same time, debtor's unsecured creditors receive nothing. According to the trustee, in a chapter 13, debtor would pay the loan amount to the trustee for 36 months to the benefit of the unsecureds.

The trustee is correct in his assumption that in chapter 13, the secured loan of Bank of America would be treated as unsecured. It does not matter that the debtor sold his boat and gave the bank a certificate of deposit as substitute collateral. Payment for either asset would constitute payment for a luxury item that must be excluded from debtor's disposable income under Code § 1325(b). *See In re Kasun*, 186 B.R. 62, 63–64 (Bankr.E.D.Va.1995).

Accordingly, the court would require debtor's chapter 13 plan to treat the bank as wholly unsecured and allow the bank to offset its loan by the collateral. It should also be noted that in a hypothetical chapter 13 case, debtor could cram down and reduce the secured portion of his $29,000.00 car loan by $7,850.00. This amount would also be available to the unsecureds.

Having found that debtor has the ability to fund a chapter 13 plan with the amount of his bank loan payment, the court must now consider other issues raised by the trustee's motion. In this circuit a dismissal for substantial abuse is controlled by the Court of Appeals decision in *Green v. Staples (In re Green)*, 934 F.2d 568 (4th Cir. 1991). I have previously considered the issue in depth in *In re Norris*, 225 B.R.

694

329 (Bankr.E.D.Va.1998), and will apply my analysis there to the facts in this case.

 There are six factors to be considered:

(1) whether the debtor has the ability to repay his debts; (2) whether the debtor filed his bankruptcy petition because of sudden illness, calamity, disability, or unemployment; (3) whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect his true financial condition; (4) whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to repay; (5) whether debtor's proposed family budget is excessive or unreasonable; and (6) whether the petition was filed in good faith.

*Id.* at 332 (citing *In re Smurthwaite*, 149 B.R. 409, 411 (Bankr.N.D.W.Va.1992)).

 Of these factors, the court finds that dismissal here is supported by the following: (1) debtor has the ability to repay a significant portion of his unsecured debt, (2) there is no evidence that he was compelled to file bankruptcy by a sudden circumstance, (3) he has incurred consumer purchases far in excess of his ability to pay, and (4) his proposed budget is unreasonable in proposing to pay the bank loan which is not necessary for his support. I stop short of finding that debtor filed the case not in good faith even though the circumstances support a plausible argument to that effect.

The court concludes that the weight of relevant factors warrant the granting of the trustee's § 707(b) motion to dismiss, notwithstanding the statutory presumption in debtor's favor.

Accordingly, an order will be entered granting the motion. However, debtor will be afforded the opportunity to convert this case to a chapter 13.