**In re Brenda Brooks SCURLOCK, Debtor.**

**No. 07–81278.**

United States Bankruptcy Court, M.D. North Carolina, Durham Division.

Feb. 19, 2008.

Florence A. Bowens, Durham, NC, for Debtor.

## ORDER

CATHARINE R. CARRUTHERS, Bankruptcy Judge.

THIS MATTER came on for hearing on January 17, 2008, after due and proper notice, upon the Objection by the Trustee to Confirmation of Plan and the Objection by Automotive Finance Corporation to Confirmation of Plan. Florence A. Bowens appeared on behalf of the Debtor, William P. Janvier appeared on behalf of Automotive Finance Corporation, and Benjamin E. Lovell appeared on behalf of the Chapter 13 Trustee. After consideration of the objections, the evidence, the arguments of

counsel, and other matters of record, the court finds as follows:

## BACKGROUND

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 6, 2007. According to the Form B22C filed by the Debtor, her annualized income exceeds the applicable median family income for North Carolina. As a result, the Debtor was required to complete the form to calculate the amount of disposable income to be paid to unsecured creditors through her plan. In doing so, the Debtor included deductions for secured debt payments for three vehicles: a 1997 Toyota 4 Runner ($103.67/mo), a 1997 Infiniti ($97.60/mo), and a 2001 Mitsubishi Galant ($96.90/mo). In addition, the Debtor included a deduction on line 28 in the amount of $367.33 for the transportation ownership expense of a first vehicle, and a deduction on line 29 in the amount of $234.40 for the transportation ownership expense of a second vehicle. Both the Trustee and Automotive Finance Corporation objected to this deduction, contending that a single debtor is entitled to deduct the transportation ownership expense for only one vehicle.

The Trustee has also objected to the Debtor's telecommunications expenses. The Debtor claimed $276.00 in telecommunications expenses on her Form B22C. The Trustee argues that this amount is excessive and unreasonable, and that part of this amount should be included in the Debtor's disposable income.

## ANALYSIS

Section 1325(b)(2) provides that "disposable income" is current monthly income received by the debtor less amounts reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor. 11 U.S.C. § 1325(b)(2)(A). Section 1325(b)(3) provides that, for a debtor with above-median income, amounts reasonable necessary to be expended shall be determined pursuant to § 707(b)(2). The parties do not dispute that § 707(b)(2) allows for the payment of the secured debt related to multiple vehicles in a single debtor's case. 11 U.S.C. § 707(b)(2)(A)(iii)(I). In addition, § 707(b)(2)(A)(iii)(II) allows for "any additional payments to secured creditors necessary for the debtor ... to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor *and the debtor's dependants.*" 11 U.S.C. § 707(b)(2)(A)(iii)(II) (emphasis added). Thus, Bankruptcy Code explicitly allows for certain additional payments (such as payments on an arrearage claim) to secured creditors for property necessary for the support of a debtor's dependants.

■ In this case, however, the issue is whether a transportation ownership expense for a second vehicle utilized by a debtor's dependant is also allowable. Section 707(b)(2)(A)(ii) provides, in relevant part,

The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent.

11 U.S.C. § 707(b)(2)(A)(ii). As a result of this provision, the National Standards and Local Standards, as well as the Other Necessary Expenses allowed by the Internal Revenue Service, have been incorporated

816

into the Official Form B22C, which is used to determine disposable income for an above-median income debtor. Line 29 on the Form B22C is labeled "Local Standards: transportation ownership/lease expense; Vehicle 2." The form directs a debtor to "Complete this Line only if you checked the 'two or more' Box in Line 28." Line 28 on the Form B22C is labeled "Local Standards: transportation ownership/lease expense; Vehicle 1." The Form directs "Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)" The language on the Form B22C related to transportation ownership/lease expenses does not distinguish between cases in which there is a single debtor, a single debtor with dependants, or joint debtors.

There are few reported decisions that address the issue of whether a transportation ownership expense for a second vehicle is allowable. *See In re Barrett,* 371 B.R. 860 (Bankr.S.D.Ill.2007); *In re Aprea,* 368 B.R. 558 (Bankr.E.D.Tex.2007); *In re Zaporski,* 366 B.R. 758 (Bankr. E.D.Mich.2007). In *Barrett,* the Chapter 13 trustee objected to the debtor's inclusion of expenses for a motorcycle in addition to ownership expenses for a Toyota Tacoma, arguing that a single debtor was not entitled to claim an ownership expense for more than one vehicle. 371 B.R. at 862. The court rejected the trustee's argument, stating that "if an expense is allowed under the National or Local Standards of § 707(b)(2)(A)(ii)(I), this fulfills the statutory definition of 'reasonably necessary' in 11 U.S.C. § 1325(b) and displaces the court's subjective measure of whether the expense should be permitted." *Id.* at 865. The court reasoned that since the National and Local Standards allow for ownership/lease expenses for two vehicles,

the court had no discretion to disallow the expense. *Id.*

In *Aprea,* the debtor attempted to claim a transportation lease expense for his fiancee's leased vehicle. 368 B.R. at 561. The court disallowed the expense, reasoning that it was not an expense of the debtor or a legal dependant of the debtor, nor was it used to generate any household income, therefore it was unreasonable and unnecessary. *Id.* at 564. Lastly, in *Zaporski,* the issue was presented in the context of a motion to dismiss brought under § 707(b)(2). 366 B.R. 758. The court held that a single debtor may have transportation expense deductions for two vehicles. *Id.* at 769. It reasoned that "[t]he form invites it and the statute allows it" and found that neither the size of the household nor the necessity of the second vehicle were factors to be considered. *Id.*

After considering the language of § 707(b)(2), the Form B22C, as well as case law on this issue, this court concludes that the Debtor may include transportation ownership/lease expenses for two vehicles as part of her monthly expenses. Therefore, the objections of the Trustee and Automotive Finance Corporation are overruled on this issue.

 The Trustee also objects to the debtor's $276.00 telecommunication expense listed on Line 37 of Form B22C as excessive. The telecommunication expense falls under the category of "actual" expenses incurred by debtors, which are specified as "Other Necessary Expenses" on Form B22C, a category for which the IRS does not set out specific dollar allowances. Rather, § 707(b)(2)(a)(ii)(I) allows debtors to deduct their actual expenses under this category. Line 37 of Form B22C limits telecommunication expenses to those of the debtors or their dependents. The debtor bears the burden of demonstrating that these expenses are actual,

reasonable, and necessary expenses for themselves. *In re Plumb,* 373 B.R. 429, 440 (Bankr.W.D.N.C.2007) (holding that a debtors' $289.00 telecommunication expense was excessive).

In the present case, the Debtor did not present any documentary evidence of this expense. The Debtor testified that the $276.00 included charges for internet and telephone, but she was unable to provide a breakdown of the charges. The Debtor testified that the bill included charges for at least one premium cable channel, Showtime. The court finds that the Debtor failed to meet her burden of demonstrating that her $276.00 telecommunication expense is actual, reasonable, and necessary.

Based upon the foregoing, the court sustains the Trustee's objection to the Debtor's telecommunication expense. Confirmation of this plan is denied and the Debtor has 30 days from the entry of this order to propose a new plan.

IT IS SO ORDERED.