In re Jeri Loquetta STYLES, Debtor.

No. 07–50408.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Nov. 21, 2008.

Roland S. Carlton, Jr., Staunton, VA, for Jeri Styles.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

This matter is before the Court on a motion for denial of plan confirmation by the Chapter 13 Trustee (herein "Movant"). The Court has reviewed the relevant facts and the Movant's arguments and briefs filed by the parties.

### ISSUE

The issue for decision is whether a above median income single debtor may claim operating expense and ownership expense for more than one vehicle on Form B22C. The Trustee argues that a single debtor should get only a single operating expense and ownership expense. The debtor argues that the plain language of the statute and Form B22C permits a single debtor with multiple vehicles to claim two (2) vehicle operating and ownership expenses. For the reasons stated below this court holds in favor of the debtor's position and the objection to confirmation is overruled.

### FACTS

Jeri Loquetta Styles (herein "Debtor") filed for bankruptcy protection under Chapter 13 of the United States Bankruptcy Code on June 21, 2007. Debtor filed her Schedule B, Schedule D and Bankruptcy Form B22C on July 6, 2007 and an amended Form B22C on October 14, 2007. Debtor is single and unmarried with no dependents. Debtor is classified as an above median income debtor pursuant to 11 U.S.C. § 1325(b)(3). As an above median income debtor, Debtor must use Form B22C to determine the necessary expense deductions available to her.

On Schedule B, Debtor lists ownership interests in a 1988 Chevrolet Camero, a 1994 Chrysler New Yorker, a 1988 Ford Escort and a 2000 Ford Expedition.

Schedule D identifies that a debt owed to Wells Fargo Auto Finance is secured by the Debtor's 2000 Ford Expedition. Pursuant to Debtor's amended plan, filed January 18, 2008, Debtor will surrender the Expedition to Wells Fargo. Debtor retains an unencumbered ownership interest in the three remaining vehicles.

Given Debtor's ownership interest in the remaining three vehicles, Debtor checked the box on line 27 of Form B22C stating that she pays the operating expenses for "2 or more vehicles" and was instructed by the IRS Transportation Standards, Operating Costs and Public Transportation Costs (herein "IRS Standards"), to claim a deduction for $343.00. Debtor then checked the box on line 28 of Form B22C stating that she had an ownership interest in "2 or more vehicles" and was instructed by the IRS Standards to claim an ownership expense deduction of $471.00 for the first vehicle and $332.00 for the second vehicle. The operating and ownership expense deductions total $1,146.00. The IRS Standards do not provide for more than 2 vehicle related expense deductions and thus, the third vehicle that Debtor claimed an ownership interest in was not included in expense deductions.

Movant filed an objection to the plan on the basis that the single debtor should be allowed to claim one ownership and one operating expense deduction notwithstanding the number of cars the debtor actually owns.

## DISCUSSION

### I. *Debtor is Permitted to Claim 2 Vehicle Deductions.*

■ When determining the proper monthly expenses a debtor may claim, courts should not supplement their discretion for the explicit language of 11 U.S.C. § 707(b)(2)(A)(ii)(I). The United States Supreme Court stated in *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) that "it is well established that when the statute's language is plain the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *See also In re Kimbro*, 389 B.R. 518 (6th Cir. BAP 2008) (applying the principles of statutory interpretation found in *Lamie* to 11 U.S.C. § 707(b)(2)(A)(ii)(I) and holding the plain language of the statute controls).

■ Having established the interpretive framework within which to analyze 11 U.S.C. § 707(b)(2)(A)(ii)(I), this Court addresses the statute's language. The statute reads, "The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and the Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service." In dispute is the statute's treatment of the words "applicable" and "actual". In this case, the dispute centers on whether "applicable" provides a cap on "actual" expenses that a debtor may claim or if the two words are to be read separately and thus, do not modify one another. In *In re Hylton*, 374 B.R. 579, 584 (Bankr.W.D.Va.2007), this court found that "[t]he use of 'applicable' with respect to National and Local Standards and 'actual' with respect to Other Necessary Expenses indicates that Congress used these different terms to achieve different results." The *Kimbro decision, supra*, states,

> In the statutory language, the term "applicable" modifies the phrase "monthly expense amounts specified under the National Standards and Local Standards." 11 U.S.C. § 707(b)(2)(A)(ii)(I). It does not modify the phrase "debtor's monthly expenses." This difference strongly suggests that a debtor should

refer to the Standards and deduct the applicable amount.

*Kimbro,* 389 B.R. at 524. *See also In re Fowler,* 349 B.R. 414 (Bankr.D.Del.2006) (after considering the legislative history of the statute the court holds that "applicable" and "actual" are intended for two different applications and do not modify one another).

Other courts, however, hold that "applicable" serves as a cap to "actual" expenses and debtors are therefore only allowed to claim expenses they actually incur. *E.g., In re Harris,* 353 B.R. 304 (Bankr. E.D.Okla.2006); *In re Oliver,* 350 B.R. 294 (Bankr.W.D.Tex.2006); *In re McGuire,* 342 B.R. 608 (Bankr.W.D.Mo.2006); *In re Hardacre,* 338 B.R. 718 (Bankr.N.D.Tex. 2006). These decisions base their analysis on interpretations of the IRS Standards found in the Internal Revenue Manual. The Internal Revenue Manual, however, was not incorporated into 11 U.S.C. § 707(b)(2)(A)(ii)(I) and does not apply to the calculation of expense deductions. *See Kimbro* (stating that Congress could have incorporated the IRM or written 11 U.S.C. § 707(b)(2)(A)(ii)(I) to use "applicable" as a cap to "actual" expenses but chose to do neither).

In reaching its decision this court considered all relevant precedent. The court in *In re Barrett,* 371 B.R. 860, 863 (Bankr. S.D.Ill.2007), followed the same principles of statutory interpretation stated above and allowed a single, above median income debtor to claim two vehicle exemptions because "there is nothing in the language of Official Form B22C to suggest that a debtor's household size determines the number of vehicles that he or she may own, or claim on the form." *See also In re Scurlock,* 385 B.R. 814 (Bankr.M.D.N.C. 2008) (holding that a single, above median income debtor could claim two vehicles deductions pursuant to 11 U.S.C. § 707(b)(2)(A)(ii)(I) and Form B22C); *In re Zaporski,* 366 B.R. 758 (Bankr. E.D.Mich.2007) (holding a single debtor in Chapter 7 could claim two vehicle deductions). Precedent addressing whether a single debtor without dependents may claim two vehicle deductions holds those claims to be appropriate.

In conclusion, the language of neither 11 U.S.C. § 707(b)(2)(A)(ii)(I) nor Form B22C limits Debtor's deductions based on her household size but instead merely directs her to claim all expenses that applied. Precedent and statutory interpretation affirm that because Debtor owned three vehicles she appropriately checked boxes claiming deductions that applied to a person owning two or more vehicles. Based upon the aforementioned analysis Movant's motion is denied.

## II. *Debtor must demonstrate good faith as a prerequisite to confirmation of plan.*

■ Debtor's plan may include nonessential assets and as such is subject to review for good faith. The court in *In re Webster,* 165 B.R. 173, 176 n. 3 (Bankr. E.D.Va.1994), defined "nonessential assets" as a recreational boat or "an extra nonessential vehicle." This Court addressed the good faith test with regard to nonessential items in *Hylton.* In permitting the debtor to claim a deduction for a recreational boat this Court asserted, "Notwithstanding the fact that the Debtors are entitled to account for the boat payments when calculating their disposable income under the means test confirmation of a plan proposing to retain the boat is subject to the good faith test under 11 U.S.C. § 1325(a)(3)." *Hylton* 374 B.R. at 586. This court then determined that the inquiry into whether the plan was filed in good faith would be "governed by a totality of the circumstances inquiry." *Id.* at 586. This Court further stated that in order for

the debtor in *Hylton* to achieve confirmation of the plan with the assets in it the debtor would have to "demonstrate that unsecured creditors are better off than they would be if the asset is excluded and the monthly payments on the secured debt are added into a monthly plan payment." *Hylton*, 374 B.R. at 586 n. 8. The issue of good faith is thus a prerequisite to confirmation and must await the confirmation hearing with evidence put on by the debtor in support of the request for confirmation.

For the reasons discussed above, it is:

## ORDERED

That Movant's motion to deny plan confirmation is **DENIED.** It is:

## FURTHER ORDERED

That hearing on confirmation of Debtor's proposed plan is set for *January 7, 2009 at 2:00 p.m.* in *Federal Courtroom, United States Courthouse, 3rd floor, 116 N. Main St., Harrisonburg, VA*

Copies of this Decision and Order are directed to be sent to counsel for Debtor, Roland S. Carlton, Jr., Esq., 118 MacTanly Place, Staunton, VA 24401; and to the Chapter 13 Trustee, Herbert L. Beskin, Esq., P.O. Box 2103, Charlottesville, VA 22902.