In re John Christopher PARKER t/a John's Towing Service and Matilda Elizabeth Parker, Debtors.

EASTERN WRECKER SALES, INC., Plaintiff,

v.

John Christopher PARKER t/a John's Towing Service and Matilda Elizabeth Parker, David R. Levin, Trustee, Defendants.

Bankruptcy No. 84–01686–N.
APN 85–0036–N.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

May 14, 1985.

Charles M. Lollar, Norfolk, Va., for plaintiff.

Tom C. Smith, Norfolk, Va., for defendants.

### ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

The plaintiff filed a Complaint objecting to the discharge of the defendant-debtor pursuant to one of the grounds of 11 U.S.C. § 727(a)(2). This pertains to the intent to hinder, delay, or defraud a creditor. In the alternative, the plaintiff sued for a determination of the non-dischargeability of the defendants' debt to it under 11 U.S.C. § 523.

Most significant of all is the fact that this is a Chapter 13 case under Title 11 of the United States Code.

There is a threshold legal issue of whether one may, in a Chapter 13 case, object to the discharge of a debtor at all. The answer is clearly no. Indeed, the provisions of § 727 do not apply to Chapter 13 cases. 11 U.S.C. § 103(b) says:

> (b) Subchapters I and II of chapter 7 of this title apply only in a case under such chapter.

727 is a part of Subchapter II. I find no case law to the contrary, but rather some clear, well-reasoned cases which present a unanimous position on this. In essence, a creditor may not utilize § 727 in objecting to the discharge of a debtor. *In re Bonder*, 3 B.R. 623 (Bankr.E.D.N.Y.1980); *In re Meltzer*, 11 B.R. 624 (Bankr.E.D.N.Y. 1981); *Matter of Ponteri*, 31 B.R. 859 (Bankr.D.New Jersey 1983); *In the Matter of Stuart*, 31 B.R. 18 (Bankr.D.Connecticut 1983).

Further, no grounds for a cause of action exist under 11 U.S.C. § 1328 for the determination of the non-dischargeability of such a debt.

One should not hastily conclude that a creditor, then, has no remedy in a Chapter 13 case when he has been wronged. This is far from the truth. The issue of "good faith" can be raised by an objection to the confirmation of the Chapter 13 plan. This is set forth well by Judge Lipkin in the *Ponteri* case, *supra*. Interestingly, the plaintiff here, Eastern Wrecker, filed an objection to the confirmation of this debtors' plan, but failed to appear at the Confirmation Hearing on January 24, 1985, to prosecute this. The objection was, of course, overruled for failure to prosecute. Clearly, the plaintiff abandoned the remedy that it had in this case.

It is ORDERED that the Complaint in this proceeding be, and it is hereby, DISMISSED with prejudice.

It is FURTHER ORDERED that a copy of this Order be forwarded to Charles M. Lollar, Esquire, Attorney for the plaintiff; Tom C. Smith, Esquire, Attorney for the defendants and to John Christopher Parker, t/a John's Towing Service and Matilda Elizabeth Parker, debtors.