Edna J. TILLMAN, Appellant/Creditor,

v.

Robert Lavon LOMBARD, Mary Ann S. Lombard, Appellees/Debtors.

Civ. A. No. 2:93cv12.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 30, 1993.

Steven Lawrence Brown, Tolerton and Brown, P.C., Norfolk, VA, for appellant.

Alexander P. Smith, Alexander P. Smith & Associates, P.C., Norfolk, VA, for appellee.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

On May 4, 1993, this matter came before the court for hearing on an appeal from rulings of the bankruptcy court. For the reasons set forth below, the court AFFIRMS IN PART and REVERSES IN PART the bankruptcy court's Order entered November 16, 1992, and REMANDS the case to the bankruptcy court for further proceedings in accordance with this Opinion and Order.

### I. Appellant's Assignments of Error

The bankruptcy court overruled appellant's/creditor's objection to the confirmation of appellees'/debtors' Chapter 13 plan and confirmed the plan. Appellant argues that the bankruptcy court erred in overruling her objection and confirming appellees' plan because: (1) the plan fails to comply with the requirement of 11 U.S.C. § 1325(a)(4) that each unsecured creditor receive at least as much value under the Chapter 13 plan as he would under a Chapter 7 liquidation of the debtors' estate; (2) the bankruptcy court failed to determine, as is required under 11 U.S.C. § 1322(c), that cause existed for approving payments under the plan over a period greater than three years; (3) appellees did not propose the plan in good faith, as is required under 11 U.S.C. § 1325(a)(3); and (4) creditors failed to receive notice, under Local Bankruptcy Rule 308(C), of the proposed payment to. appellees'/debtors' attorney of over $1,000 in fees and expenses, and of the ten-day time limit for filing objections to such payment.

### II. Appellant's First Assignment of Error

Appellant first argues that appellees' Chapter 13 plan on its face fails to comply with the requirement of 11 U.S.C. § 1325(a)(4) that each unsecured creditor receive at least as much under the plan as he would under a Chapter 7 liquidation of the debtors' estate. Paragraph B–7 of the plan, which is part of the record on this appeal, clearly states that unsecured creditors with nonpriority claims will receive under the plan at least 6% of the value of their allowed claims, whereas if the estate were liquidated under Chapter 7, they would receive approximately 10% of such claims. On the other hand, paragraph A–4, part of the Plan Summary, states that unsecured creditors would receive approximately 0% under a Chapter 7 liquidation.

At the hearing on this appeal, counsel for appellees represented to the court that unsecured creditors would receive virtually nothing under a Chapter 7 liquidation, and that paragraph B–7 of the plan simply contains a typographical error; where paragraph B–7 reads "10%," it should read "0%." Most importantly, appellant's counsel conceded this point. Accordingly, there is no issue of fact to be resolved by the

bankruptcy court. The bankruptcy court's ruling on this objection is, therefore, correct as a matter of law, and is AFFIRMED.

### III. Appellant's Second Assignment of Error

Appellant also contends that the bankruptcy court erred in failing to determine whether cause existed for approving the provision in appellees' plan for payments over a period of forty-two (42) months. Section 1322 of the Bankruptcy Code requires that "[t]he plan may not provide for payments over a period that is longer than three years, *unless the court, for cause, approves a longer period....*" 11 U.S.C. § 1322(c) (emphasis added).

The Order entered by the bankruptcy court on November 16, 1992 does recite that the bankruptcy court confirmed appellees' plan "for good cause shown." (Order entered Nov. 16, 1992, at 1.) The record demonstrates, however, that the bankruptcy court actually made no finding that cause existed for approving the extended payment period. The record reveals no evidence or even argument as to the existence of cause. The only reference in the record to the issue of cause is the Trustee's representation that "sixty month plans are routinely confirmed by the Court." (Tr. of Nov. 5, 1992, hearing, at 4.)[1] The Trustee's statement is not evidence, and in any event is irrelevant to the question of whether cause exists in this case for an enlarged payment time-frame.

■ The bankruptcy court erred in failing to make a finding that cause existed for approving the plan's expanded payment period. The court accordingly REVERSES the bankruptcy court's ruling on the instant objection and REMANDS the case to the bankruptcy court for fact-finding and legal proceedings on the issue of whether cause exists under 11 U.S.C. § 1322(c) for

approving the plan's provision for payment over a period greater than three years.[2]

### IV. Appellant's Third Assignment of Error

■ Appellant further urges that appellees did not propose their plan in good faith, as is required under 11 U.S.C. § 1325(a)(3). At the hearing before this court, counsel for all parties agreed that appellees'/debtors' good faith, or lack thereof, is the crucial issue in this case, that the record on appeal contains no evidence on the issue, and that the resolution of the issue on appeal thus depends on who bore the burden of proof below. The parties have submitted supplemental briefs on the issue, and the court has conducted its own inquiry. The court concludes that the debtor bears the burden of demonstrating that a proposed Chapter 13 plan meets the requirements of 11 U.S.C. § 1325, including the good faith requirement of subsection (a)(3).

*In re Goodavage*, 41 B.R. 742 (Bankr. E.D.Va.1984), squarely answers the question now posed. In that case, the Trustee objected to the debtors' proposed Chapter 13 plan, claiming that the plan failed to meet the good faith proposal requirement of 11 U.S.C. § 1325(a)(3). The bankruptcy court held that "[t]he proponent of the plan bears the burden of proof as to its confirmation." *Id.* at 743. The debtors failed to carry their burden, and their plan was denied confirmation. *Id.* at 746.

In support of the proposition that the Chapter 13 plan's proponent bears the burden of proof as to its confirmation, *Goodavage* cites *In re Wolff*, 22 B.R. 510 (Bankr. 9th Cir.1982) (per curiam). *Wolff* equates the proponent of a Chapter 13 plan with the plaintiff in any other civil case; the party who seeks relief bears the burden of proving his right thereto. *Id.* at 512.

---

1. Counsel for appellees conceded at the hearing on this appeal that the bankruptcy court made no independent determination that cause existed for approving the longer payment period.

2. The court recognizes that the six-month extension of the payment period is relatively brief. On this appeal, however, appellant has pursued her objection to the bankruptcy court's failure to find and articulate the cause, if any, that exists for approving the elongated payment term. However slightly expanded the payment time may be, it is incumbent upon this court to require compliance with the statute.

So allocating the burden of proof is consistent with the scheme of 11 U.S.C. § 1325. That section provides that "[t]he court shall confirm a plan if" certain conditions, including the good faith proposal requirement, are met. 11 U.S.C. § 1325. "[I]rrespective of any objections to confirmation," section 1325 imposes on the bankruptcy court an independent "duty to insure compliance with the provisions of the Bankruptcy Code." *In re Bowles,* 48 B.R. 502, 505 & n. 3 (Bankr.E.D.Va.1985). Therefore, the bankruptcy court is not a rubber stamp. It must scrutinize every proposed plan, regardless of whether someone objects. Thus, in ascertaining whether a Chapter 13 plan warrants confirmation, the bankruptcy court always and necessarily will turn to the debtor proposing the plan. The interposition of an objection to confirmation surely does not relieve the Chapter 13 debtor from the ordinary burden of proving the right to bankruptcy relief.

In arguing that an objecting creditor must carry the burden of showing that, a Chapter 13 plan should be denied confirmation, appellees rely on *In re Parker,* 49 B.R. 61 (Bankr.E.D.Va.1985). *Parker* is inapposite here. In that case, the bankruptcy court overruled the plaintiff's objection to confirmation of a Chapter 13 plan, for failure to prosecute, because the plaintiff failed to show up at the confirmation hearing. *Id.* at 62. The present case is distinguishable; appellant appeared, by counsel, as an objecting creditor at the bankruptcy court hearing on November 5, 1992. At that hearing, appellant's counsel asserted the instant objection, stating that "whether the plan was filed in good faith and the petition was filed in good faith ... is the key issue." (Tr. of Nov. 5, 1992, hearing, at 2.) Clearly, unlike the plaintiff in *Parker,* appellant here has not "aban-

doned the remedy that [she] had in this case." 49 B.R. at 62. She properly pursued and prosecuted her objection below.

Misplacing the burden of proof below, and thus discouraging appellees from offering evidence of their compliance with 11 U.S.C. § 1325(a)(3),[3] the bankruptcy court erred in overruling appellant's instant objection and confirming appellees' plan. The bankruptcy court received no evidence from appellees, and made no finding, that they proposed their Chapter 13 plan in good faith. The court accordingly REVERSES the bankruptcy court's ruling, implicit in its November 16, 1992, Order, that appellees proposed their Chapter 13 plan in good faith, and REMANDS the case to the bankruptcy court for fact-finding and legal proceedings on the issue of whether appellees' Chapter 13 plan meets the good faith requirement under 11 U.S.C. § 1325(a)(3).

## V. Appellant's Fourth Assignment of Error

Appellant finally asserts that creditors have not received notice, required under Local Bankruptcy Rule 308(C), of the proposed payment to appellees'/debtors' attorney of over $1,000 in fees and expenses and of the ten-day time limit for filing objections to such payment. The record shows the proposed payment of $1,180, which would trigger the notice requirement.[4] The record does not reflect that the required notice has been given. The bankruptcy court did not address the issue on the record. The bankruptcy court thus erred in overruling appellant's instant objection. The court accordingly REVERSES that ruling and REMANDS the case for further proceedings to ensure compliance with Local Bankruptcy Rule 308(C).

---

**3.** *See* Tr. of Nov. 5, 1992, hearing, at 2 ("THE COURT: 'And how do you [objecting creditor (appellant herein)] intend to prove that [the plan] was not [proposed in good faith]? How does the debtor intend to prove that it was?'"); *id.* at 6 ("THE COURT [to the objecting creditor (appellant herein)]: '... it's an interesting story. It's not evidence.... Your objection to confirmation is overruled.'").

**4.** *Cf. supra* note 2. The court recognizes the relative insignificance of the overage amount involved here, but appellant has pursued her appeal point, and the court must require compliance with the local bankruptcy rule.

The Clerk is directed to send a copy of this Opinion and Order to all counsel of record.

It is so ORDERED.