**NATIONAL SCHOOL BUS,
INC., et al., Appellants,**

v.

**Rita CARIGNAN, Debtor.**

**No. 95–CV–487.**

United States District Court,
N.D. New York.

Jan. 12, 1996.

**7.** There is an error in addition of one cent, the total should be $118,117.26.

O'Connor, O'Connor Law Firm, Albany, NY (Michael J. O'Connor, of counsel), for debtor.

Phillips, Lytle Law Firm, Rochester, NY (Kenneth W. Gordon, of counsel), for appellant.

Office of Robert E. Littlefield, Albany, NY (Robert E. Littlefield, of counsel), Trustee.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

This is an appeal from the final order of confirmation of the debtor, Rita Carignan's, Chapter 13 bankruptcy plan ("Plan") by this district's Bankruptcy court, dated February 16, 1995. The Plan, as confirmed, requires the debtor to pay the Chapter 13 Trustee $50.00 per month for 36 months ($1,800.00). The debtor must also pay to the Trustee the proceeds (less the $10,000.000 homestead exemption) from the sale of the debtor's real property (a residence currently valued at $138,000.00). The Plan also requires the debtor to pay 100% of her unsecured creditors. The unsecured creditors have apparently filed claims in excess of $3,300,000.00. None of the claims has been objected to by the debtor, thus, all are presumptively valid.

The appellant, National School Bus, Inc., timely filed objections to the confirmation of the Plan alleging (1) that the debtor's Plan was not feasible, in that it is impossible to pay 100% of the unsecured claims given that the sole identified source of funding for such payment is the sale of a residence valued at $138,000.00; (2) that debtor is not a qualified individual under Chapter 13, because she is not a wage earner; and (3) that the debtor's plan and petition were not filed in good faith, as shown by apparent concealment, preferential transfers, and dissipation of assets.

After numerous adjournments, a hearing on confirmation was held before the bankruptcy judge on November 21, 1994. The court denied the appellant's objections and confirmed the Plan. Essentially, it is the appellant's specific contention on this appeal that the bankruptcy judge erred by placing

the burden of proof on the appellant rather than the debtor at the hearing.

## II. DISCUSSION

The appellant's prime contention on this appeal is that the bankruptcy judge placed the burden of proof on the appellant rather than the debtor. This error, it is alleged, mandates action by this court because the debtor was not required to, and in fact did not, come forward with any evidence to show her qualification for relief pursuant to Chapter 13, much less evidence in support of confirmation of the Plan. Accordingly, the appellant contends that, at least, this court should remand this matter for proper findings.

The confirmation of a Chapter 13 Plan is governed by 11 U.S.C. § 1325. In relevant part, the statute states "... the court shall confirm a plan if- ... the plan has been proposed in good faith ..." 11 U.S.C. § 1325(a)(3). On judicial review of a Plan, this circuit has held that, pursuant to 11 U.S.C. § 1325(a)(3), courts must review the " 'good faith' " of the party presenting the Plan, and the " 'feasibility' " of the Plan. *Regan v. Ross,* 691 F.2d 81, 86 (2d Cir.1982). In addition, the debtor must show that she is entitled to relief under Chapter 13. The debtor must show that she is an "individual with regular income ... sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 ..." 11 U.S.C. § 101(30); *see also, In re Fischel,* 103 B.R. 44, 48 (N.D.N.Y.1989) (Referencing 11 U.S.C. § 101(29), now 11 U.S.C. § 101(30)).

It is well-settled that the *debtor* has the burden of proving entitlement to relief under Chapter 13, and the burden of proving that the requirements of 11 U.S.C. § 1325 have been met. *In re Lessman,* 159 B.R. 135, 137 (S.D.N.Y.1993); *see, generally, Tillman v. Lombard,* 156 B.R. 156 (E.D.Va. 1993). In this case, the record is devoid of any evidence showing entitlement to relief under Chapter 13, or that the requirements of 11 U.S.C. § 1325 have been met. In fact, in the transcript from the confirmation hearing, the bankruptcy judge, understandably frustrated by the dilatory tactics of the parties, refused to permit the attorneys for either side to adjourn for even one half hour to gather evidence together for presentment at the hearing. In addition, the Plan does not contain a time frame within which the real property must be sold to satisfy the debts, or the terms of sale. *See In re Erickson,* 176 B.R. 753, 757 (E.D.Pa.1995) (denying confirmation of Chapter 13 Plan where terms of sale of real property not set forth and evidence not presented by debtor).

The appellant objects to the Plan for reasons of eligibility, feasibility, and good faith. In addition, the appellant advised the court that the appellant had evidence of apparent misrepresentations by the debtor. Finally, the debtor presented *no* evidence at the confirmation hearing. Thus, the bankruptcy judge erred as a matter of law when he confirmed the Plan. Accordingly, this court remands this matter for findings as to the issues contested herein.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that this matter be remanded to the Bankruptcy Court for the Northern District of New York for findings as to the issues raised herein.

**IT IS SO ORDERED.**