**In the Matter of Lewis Monroe WRIGHT, Gena Kay Wright, Debtors.**

**No. 05–42230.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

March 1, 2006.

Dennis M. Ostrowski, Louisville, KY, for creditor.

### DECISION

ROBERT E. GRANT, Bankruptcy Judge.

The debtors in this chapter 13 case filed their proposed plan on October 14, 2005. By an order issued November 7, 2005, the

court ordered that any objections to confirmation had to be filed by December 13, 2005. DaimlerChrysler, acting through its counsel Dennis Ostrowski, filed a timely objection to confirmation on November 22, 2005. Other timely objections were filed by the trustee and Capital One Auto Finance. By a notice issued on December 28, 2005, the court scheduled a hearing for January 11, 2006, at 10:30 a.m., at which it would consider confirmation of the proposed plan and all of the objections thereto. Although served with a copy of this notice, DaimlerChrysler did not attend that hearing. As a result, by an order issued on January 17, 2006, its objection was overruled. That order also scheduled the remaining two objections for a pre-trial conference on February 7.

Rather than seek leave to appeal the court's order, see, Fed. R. Bankr.P. Rule 8003, ask the court to reconsider that order or somehow seek relief from it, see, Fed. R. Bankr.P. Rules 9023, 9024, on January 27, 2006, Mr. Ostrowski simply filed an amended objection to confirmation. He then sent local counsel to the February 7 pre-trial which the court had scheduled with regard to the other two objections to confirmation. On its own motion, the court ordered DaimlerChrysler to show cause why the amended objection should not be stricken given that its previous one had been overruled by the court's order of January 17. Counsel filed a timely response to the order to show cause and the matter is before the court to consider that response.

In his response counsel makes three main points. Although he acknowledges that his office received the court's order scheduling the hearing of January 11, whatever procedures his office may have put in place to process the court's electronic orders and notices must not have worked correctly because he did not become aware of that order until it was too late to attend the hearing. Counsel also points out that the amended objection is different from the one he originally filed. The original objection complained about the debtors' valuation of the creditor's collateral, the rate of interest it would receive upon its secured claim and the lack of insurance for the collateral. The amended objection complains only about valuation and interest rate. Finally, counsel points to the Federal Rules of Bankruptcy Procedure and the Local Rules of this court to suggest that the amended objection is entirely proper.

The Supreme Court has made it clear that internal office problems will not excuse an attorney's failure to comply with a filing deadline, Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394–96, 113 S.Ct. 1489, 1498–99, 123 L.Ed.2d 74 (1993), and that same kind of excuse should not justify the failure to attend a scheduled hearing. As for the suggestion that the amended objection is different, because it raises only two of the three complaints contained in the original objection, the court cannot see why this would matter. Whatever objections counsel may have had to the proposed plan were waived or abandoned when counsel failed to appear for the hearing the court had scheduled to consider them. In re Wolf, 162 B.R. 98, 104 (Bankr.D.N.J.1993); In re Parker, 49 B.R. 61, 62 (Bankr. E.D.Va.1985). The court's order overruling the original objection constitutes an adjudication on the merits. See e.g., Fed. R.Civ.P. Rule 41(b); Fed. R. Bankr.P. Rules 9014, 7041. Consequently, any issues concerning the proper valuation of DaimlerChrysler's collateral and the rate of interest it should receive have already been determined adversely to the creditor and the principles of res judicata prevent it from resurrecting them through the sim-

ple expedient of filing an amended objection.

 Counsel's reliance upon Rule 3015(f) of the Federal Rules of Bankruptcy Procedure is unavailing. In relevant part that rule simply states the common sense principle that "an objection to confirmation of a plan shall be filed and served ... before confirmation of the plan." Nothing about the rule suggests that it was designed to exempt confirmation issues from the operation of res judicata or the equally fundamental concept that the court should only have to rule on an issue once. Yet, that is exactly how counsel seems to be interpreting the rule. Taking his argument to its logical conclusion, no matter how many times the court ruled upon a particular objection to confirmation, so long as the objection was re-filed before the order confirming the plan was actually entered, the court would be required to consider it all over again, just as though nothing had ever happened. Such an interpretation would make the entire confirmation process completely unworkable and involve the court in a potentially endless cycle of repetitive hearings, which would only end when one side or the other gave up in exhaustion or frustration.

Counsel's reliance on Local Bankruptcy Rule B–9014–1 is also untenable. The response suggests that all counsel was trying to do with the amended objection was to comply with the provisions of that local rule requiring objections to some things to be filed and served no later than seven days prior to a scheduled hearing. Since the amended objection was filed more than seven days before the pre-trial conference the court had scheduled with regard to the other confirmation objections, counsel seems to believe that the amended objection is entirely proper. The argument conveniently ignores the first words of the local rule—"Except as otherwise

ordered by the court ..." N.D. Ind. L.B.R. B–9014–1(b). Here the court had ordered otherwise. Its order of November 7, 2005 specifically required any objections to confirmation to be filed on or before December 13, 2005. Consequently, Local Bankruptcy Rule B–9014–1(b) does not authorize the amended objection.

Whatever objections DaimlerChrysler might have had to confirmation of debtors' proposed plan were fully disposed of by the court's order of January 17, which was issued following the hearing at which those objections were scheduled to be considered. Consequently, the amended objection, filed on January 27, 2006, is not properly before the court and should be stricken. An order doing so will be entered.